# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Roger Jerome Jackson, | ) | |
|---|---|---|
| N.A C.G. = Native right[]s, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  3:14-cv-14 |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Leann Bert[sc]h, DOCR Director, | ) | |
| Don Redmann, Warden, and Mark | ) | |
| Haines, Chaplain, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Roger Jerome Jackson (Jackson), proceeding pro so, filed a complaint alleging violations of his civil rights. Specifically, he alleged that he was denied his rights to participate in Native American ceremonies while he was incarcerated at James River Correctional Center (JRCC) in early 2014.

## Summary of Recommendation

The defendants moved to dismiss for failure to state a claim, alleging failure to exhaust administrative remedies (Doc. #37), and Jackson has not responded to that motion. This Court recommends that the motion to dismiss be granted.

## Facts

In the complaint, Jackson alleged that he was not allowed sufficient time to participate in sweat lodge ceremonies, that he was not allowed to use tobacco in pipe ceremonies, and that he was not allowed to use sage, tobacco, or cedar for smudging. (Doc. #5, pp. 5-7). The complaint states that Jackson filed a grievance, but that he "[n]ever heard anything back," and that he was told it had been lost. He also stated in the complaint that he had talked with the JRCC chaplain

and former warden about his concerns, but "[t]hey [n]ever [g]ave any answer back about the issue." (Doc. #5, p. 2).

In support of their motion, defendants filed an affidavit of Denise Senger, administrative services manager at the North Dakota State Penitentiary, and an affidavit of Mark Haines, chaplain at JRCC. Senger swore that she had reviewed Jackson's records and found no grievance forms. She also swore that she had reviewed Jackson's case notes, and found no mention of any lost grievance or of tobacco usage. (Doc. #38-1, p.1). Haines swore that he did not recall Jackson verbally raising any of the issues which are raised in the complaint, and that he did not recall seeing any written grievance forms from Jackson. (Doc. #38-2, p.1).

## Law and Discussion

Under Fed. R. Civ. P. 12(d), if matters outside the pleadings are presented and not excluded by the court, the motion is to be treated as one for summary judgment pursuant to Rule 56. Summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A party moving for summary judgment has the burden to establish that there are no genuine issues of material fact. Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). In considering a motion for summary judgment, evidence is to be viewed in the light most favorable to the nonmoving party, and all reasonable inferences are to be drawn in favor of the nonmoving party. Quinn v. St. Louis Cnty., 653 F.3d 745, 750 (8th Cir. 2011). If the moving party shows there are no genuine issues of material fact, the burden then shifts to the nonmoving party to set forth facts showing a genuine issue for trial. The non-moving party "may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a

2

genuine issue for trial." Wingate v. Gage Cnty. Sch. Dist., No.34, 528 F.3d 1074, 1078-79 (8th Cir. 2008).

Since the Prison Litigation Reform Act (PLRA) applies to Jackson's claims, it is mandatory that he exhaust all available administrative remedies prior to filing a lawsuit. 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001); Hammett v. Cofield, 681 F.3d 945, 947 (8th Cir. 2012). Through the affidavits submitted in support of their motion, defendants have established that Jackson did not exhaust all available administrative remedies.

Since defendants have met their burden, the burden thus shifts to Jackson to demonstrate a genuine issue of material fact. Since Jackson did not respond to the motion, he has not met that burden. See, e.g., Wingate, 528 F.3d at 1078-79. The motion to dismiss should therefore be granted. An additional basis for granting the motion rests in Local Rule 7.1(E), which provides that failing to file and serve a timely response to a motion may be deemed an admission that the motion is well taken.

It is **RECOMMENDED** that:

(1) Defendants' motion to dismiss be **GRANTED**;

(2) Jackson's complaint be **DISMISSED** without prejudice; and

(3) The Court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 1st day of May, 2015.

                                                    /s/ *Alice R. Senechal*
                                                    Alice R. Senechal
                                                    United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than May 18, 2015, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.